UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA                    x

FILED BY _____ D.C.

OCT 23 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

KENNETH A. FRANK,

PLAINTIFF

CIVIL ACTION No.:

VS.

DAVID SCHULSON, ASSISTANT STATE          COMPLAINT

ATTORNEY, BROWARD COUNTY, FLORIDA,

INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

WELLS FARGO BANK, N.A., McGUIRE WOODS,

LLP, ALDRIDGE-PITE, LLP., DANIEL

P. ZWICK, AS STATE AGENT AND

JAMES CAMP, A/K/A JAMES ZWICK,

AS STATE AGENT,

DEFENDANTS.
                                            x

## I.         JURISDICTION AND VENUE

1.       THIS IS A CIVIL ACTION AUTHORIZED by 42 U.S.C. sec 1983 to REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES AND UNDER 42 U.S.C. sec 1985 TO REDRESS CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS. THE COURT HAS JURISDICTION UNDER 28 U.S.C. sec 1331 AND 1343 (a)(3).

SCANNED

1

PLAINTIFF FRANK SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C SEC. 2201 AND 2202. PLAINTIFF FRANK'S CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SEC 2283 AND 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE. VENUE IS PROPER UNDER 28 U.S.C 1391(H)(2).

## SUPPLEMENTAL JURISDICTION

2.    THIS COURT HAS SUPPLEMENTAL JURISDICTION OF CLAIMS MADE UNER STATE LAWS AND STATUTES PURSUNT TO APPLICABLE FEDERAL AND STATE LAWS, STATUTES AND CODES.

II        PLAINTIFF

3.    PLAINTIFF KENNETH A. FRANK, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF FLORIDA IN THE CUSTODY OF THE BROWARD COUNTY, FLORIDA SHERIFFS OFFICE. PLAINTIFF FRANK IS CURRENTLY CONFINED AT THE JAMES V. CONTE CORRECTIONAL FACILITY LOCATED AT 1351 NW 27TH. AVENUE, POMPANO BEACH, FLORIDA 33069.

4.    PLAINTIFF KENNETH A. FRANK'S HOMESTEAD PROPERTY IS LOCATED AT 1531 SE 24TH, AVENUE, POMPANO BEACH, FLORIDA. ARTICLE X, SECTION 4 OF THE FLORIDA CONSTITUTION PROTECTS HOMESTEAD PROPERTY FROM FORCED SALE. SEE, FLA. CONST. ATE X SEC 4(a).

STANDARD OF REVIEW OF PLEADINGS PREPARED BY PRO SE LITIGANTS

5. PLAINTIFF KENNETH A. FRANK IS A PRO SE LITIGANT WHOSE PLEADINGS MUST BE REVIEWED BY THE COURT IN ACCORDANCE WITH THE STANDARDS OF REVIEW OF PLEADINGS PREPARED BY PRO SE LITIGANTS SET FORTH BY THE UNITED STATES SUPREME COURT IN HAINES V. KERNER, 404 U.S. 519 (1972). THE STANDARDS ARE AS FOLLOWS:

A. COURTS ARE TO BE LIBERAL IN INSPECTING PLEADINGS PREPARED BY PRO SE LITIGANTS.

B. PRO SE PLEADINGS ARE TO BE VIEWED WITH CONSIDERABLE LIBERALITY AND ARE TO BE HELD TO LESS STRINGENT STANDARDS THAN THOSE EXPECTED OF PLEADINGS DRAFTED BY LAWYERS.

C. A PRO SE LITIGANTS PLEADINGS ARE TO BE INTERPRETED TO RAISE THE STRONGEST ARGUMENTS THEY SUGGEST.

ID. HAINES V. KERNER, 404 U.S 519, 520-21 (1972)

6. ACCORDINGLY, PLAINTIFF KENNETH A. FRANK RESPECTFULLY REQUESTS THAT THIS COURT APPLY THE STANDARDS SET FORTH BY THE UNITED STATES SUPREME COURT IN HAINES V. KERNER, 404 U.S. 519 (1972) WHEN INSPECTING THIS COMPLAINT AND ANY AND ALL SUBSEQUENT PLEADINGS THAT MAY BE FILED WITHIN THIS ACTION.

## III          DEFENDANTS

7.     DEFENDANT DAVID SCHULSON IS AN ASSISTANT STATE ATTORNEY OF THE STATE OF FLORIDA, IN AND FOR BROWARD COUNTY, FLORIDA. HE IS RESPONSIBLE FOR MATTERS OF CRIMINAL PROSECUTIONS THAT HE INITIATES IN BROWARD COUNTY, FLORIDA.

8.     DEFENDANT WELLS FARGO BANK IS A NATIONAL BANKING ASSOCIATION ORGANIZED UNDER THE LAWS OF THE UNITED STATES OF AMERICA.    AT ALL TIMES RELEVANT, TO THIS LITIGATION, DEFENDANT WELLS FARGO BANK ACTED AS AN AGENT OF THE STATE AND EXERCISED POWER OF THE GOVERNMENT.

9.     UPON INFORMATION AND BELIEF, DEFENDANT MCGUIRE WOODS, LLP IS A FLORIDA LIMITED LIABILITY PRACTICE WHOSE OFFICES ARE LOCATED AT 50 NORTH LAURA STREET, SUITE 3300, JACKSONVILLE, FLORIDA, 32202, WHO WERE ACTING AS ATTORNEYS FOR DEFENDANT WELLS FARGO BANK IN THE MATTER OF; WELLS FARGO BANK vs. MITCHELL CIMINELLI, ET AL, CIRCUIT COURT, BROWARD COUNTY, FLORIDA, CASE NO. CACE 12-030521. AT ALL TIMES RELEVANT, TO THIS LITIGATION, DEFENDANT MCGUIRE WOODS, LLP ACTED AS AN AGENT OF THE STATE AND EXERCISED POWER OF THE GOVERNMENT.    (STATE GOVERNMENT/ACTOR)

10.     UPON INFORMATION AND BELIEF, DEFENDANT ALDRIDGE-PITE, LLP IS A FLORIDA LIMITED LIABILITY PRACTICE WHOSE OFFICES ARE LOCATED AT 1615 SOUTH CONGRESS AVENUE, SUITE 200, DELRAY BEACH, FLORIDA 33445, WHO WERE ACTING AS ATTORNEYS FOR DEFENDANT

WELLS FARGO BANK IN THE MATTER OF; WELLS FARGO BANK V. MITCHEL CIMINELLI, et. al., CIRCUIT COURT, BROWARD COUNTY, FLORIDA, CASE NO. CACE 12-030521. AT ALL TIMES RELEVANT, DEFENDANT ALDRIDGE-PITE, LLP ACTED AS AN AGENT OF THE STATE AND EXERCISED POWER OF THE GOVERNMENT.    (STATE GOVERNMENT/ACTOR)

11.    DEFENDANT DANIEL P. ZWICK IS A CITIZEN OF THE UNITED STATES OF AMERICA AND A RESIDENT OF BROWARD COUNTY, FLORIDA.    AT ALL TIMES RELEVANT HERETO, DEFENDANT DANIEL P. ZWICK WAS ACTING AS AN AGENT OF THE STATE OF FLORIDA AND WAS A STATE ACTOR.

12.    DEFENDANT JAMES CAMP A/K/A JAMES ZWICK IS A CITIZEN OF THE UNITED STATES OF AMERICA AND A RESIDENT OF BROWARD COUNTY, FLORIDA.    AT ALL TIMES RELEVANT HERETO, DEFENDANT JAMES CAMP A/K/A JAMES ZWICK WAS ACTING AS AN AGENT OF THE STATE OF FLORIDA AND WAS A STATE ACTOR.

12.    EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS, HER OR THEIR OFFICIAL CAPACITY.    AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER COLOR OF STATE LAW.

IV.                    FACTS

13.    PLAINTIFF KENNETH A. FRANK WAS FALSELY ARRESTED AND FALSELY IMPRISONED WITHOUT PROBABLE CAUSE ON MARCH 10, 2017.

However, Plaintiff Kenneth A. Frank's False Arrest and False Imprisonment are the subject of another proceeding before another court, on another day. Defendant Assistant State Attorney, David Schulson is the prosecutor in the matter of STATE OF FLORIDA V. KENNETH A. FRANK, Circuit Court, Broward County, Florida Case No. 17-2996CF10A.

14. In the contrived, false and malicious criminal prosecution of Plaintiff Kenneth A. Frank (STATE OF FLORIDA V. Kenneth A. Frank, Circuit Court, Broward County, Florida - case No. 17-2996CF10A); Defendant Assistant State Attorney, David Schulson has engaged in outrageous, unconstitutional and prosecutorial misconduct with many of the unlawful, improper and unconstitutional acts being criminal in nature.

15. Defendants Daniel P. Zwick and James Camp a/k/a James Zwick are acting as agents for the State of Florida, confidential informants and are otherwise state actors related to the criminal prosecution of Plaintiff Kenneth A. Frank (STATE OF FLORIDA V. Kenneth A. Frank, Circuit court, Broward county, Florida - Case No. 17-2996CF10A). Defendants Daniel P. Zwick and James Camp a/k/a James Zwick are acting under the direct supervision, power and authority, inter alia, of Defendant Assistant State Attorney, David Schulson.

### PLAINTIFF KENNETH A. FRANK'S HOMESTEAD

16. Plaintiff Kenneth A. Frank's homestead property is located at 1531 SE 24th Ave., Pompano Beach, Florida 33062.

17.     PLAINTIFF KENNETH A. FRANK OBTAINED HIS HOMESTEAD INTEREST IN THE PROPERTY LOCATED AT 1531 SE 24th AVE, POMPANO BEACH, FLORIDA 33062 by WAY OF QUIT CLAIM DEED, ASSIGNMENT OF PROPERTY, CLAIMS AND LITIGATION AND IRREVOCABLE LIMITED POWER OF ATTORNEY FROM MITCHELL CIMINELLI WHO WAS THE FORMER OWNER OF THE PROPERTY.

18.     ON NOVEMBER 23, 2015, PLAINTIFF 'KENNETH A FRANK's ASSIGNMENT OF PROPERTY, CLAIMS AND LITIGATION WAS RECORDED IN THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA AS INSTRUMENT NO. 113362431.

19.     MITCHELL CIMINELLI, THE FORMER OWNER OF 1531 SE 24th AVENUE, POMPANO BEACH, FLORIDA WAS REPRESENTED IN THE TRANSACTION (PROPERTY CONVEYANCE) BY JIM LEWIS, ESQ, the property conveyance TOOK place IN ATTORNEY LEWIS'S OFFICE AND THE DEED WAS WITNESSED BY ATTORNEY JIM LEWIS WITH ALL ACCOMPANYING DOCUMENTS BEING NOTARIZED BY ATTORNEY LEWIS's SECRETARY.

20.     PLAINTIFF KENNETH A. FRANK'S QUIT CLAIM DEED IS CURRENTLY IN THE CARE AND CUSTODY OF ATTORNEY DAVID BRAUN.

<u>THE FORECLOSURE</u>

21.     DEFENDANT WELLS FARGO BANK SEEKS TO FORECLOSE ON PLAINTIFF FRANK'S HOMESTEAD PROPERTY AND THEY INITIATED THE FORECLOSURE ACTION ENCAPTIONED WELLS FARGO BANK V. MITCHELL CIMINELLI, et al, CIRCUIT COURT, BROWARD COUNTY, FLORIDA, CASE NO. CACE 12-030521.

7

22.   DEFENDANT WELLS FARGO BANK IS BEING REPRESENTED IN THE AFOREMENTIONED FORECLOSURE LITIGATION (WELLS FARGO BANK V. MITCHELL CIMINELLI, CIRCUIT COURT, BROWARD COUNTY, FLORIDA = CASE NO. CACE 12-030521), BY DEFENDANTS, ATTORNEYS MCGUIRE WOODS, LLP AND ALDRIDGE-PITE, LLP.

13.   ON NOVEMBER 23, 2015, A NOTICE OF FILING WAS FILED IN THE AFOREMENTIONED FORECLOSURE LITIGATION.   THE NOTICE OF FILING CONTAINED PLAINTIFF KENNETH A. FRANK'S ASSIGNMENT OF PROPERTY, CLAIMS AND LITIGATION AND IRREVOCABLE POWER OF ATTORNEY OF MITCHELL CIMINELLI, RELATED TO PLAINTIFF FRANK'S HOMESTEAD INTEREST IN THE 1531 SE 24 TH AVENUE, POMPANO BEACH, FLORIDA 33062 PROPERTY.

## THE IMPROPRIETY OF THE FORECLOSURE

14.   MITCHELL CIMINELLI ENTERED INTO A PICK-A-PAYMENT MORTGAGE LOAN WITH THE ORIGINAL LENDER WORLD SAVINGS BANK.   AT SOME POINT, THEREAFTER, WORLD SAVINGS BANK WAS ACQUIRED BY WACHOVIA BANK.   WHEN WACHOVIA BANK FAILED IT WAS ACQUIRED BY DEFENDANT WELLS FARGO BANK.

15.   DEFENDANT WELLS FARGO BANK DID NOT ACQUIRE ANY OF THE WORLD SAVINGS BANK OR WACHOVIA BANK PICK-A-PAYMENT MORTGAGE LOANS WHEN IT ACQUIRED THE FAILED WACHOVIA BANK.   PRIOR TO DEFENDANT WELLS FARGO BANK'S ACQUISITION OF THE FAILED WACHOVIA BANK ALL THE WORLD SAVINGS BANK AND WACHOVIA BANK PICK-A-PAYMENT MORTGAGE LOANS WERE SECURITIZED INTO REMIC's EITHER BY WORLD SAVINGS BANK OR WACHOVIA BANK

## PICK - A - PAYMENT MORTGAGE LOANS WERE DECLARED ILLEGAL

16.     THE ATTORNEY GENERAL OF THE STATE OF FLORIDA SUED WORLD SAVINGS BANK, WACHOVIA BANK AND DEFENDANT WELLS FARGO BANK IN A MULTI STATE, MULTI BILLION DOLLAR FRAUD LITIGATION, KNOWN AS, THE PICK-A-PAYMENT MORTGAGE LOAN LITIGATION.

17.     THE ATTORNEY GENERAL OF THE STATE OF FLORIDA DETERMINED THAT THE PICK-A-PAYMENT MORTGAGE LOANS WERE PREDATORY - FRAUDULENT LOANS that STRIPPED THE HOMEOWNERS OF EQUITY IN THEIR HOMES THROUGH NEGATIVE AMORTIZATION, AMONG OTHER ILLEGAL TERMS AND CONDITIONS OF THE LOANS WHICH VIOLATED FLORIDA's DECEPTIVE AND UNFAIR TRADES PRACTICES ACT (FDUTPA), FLA. STAT. SEC. 501., ET SEQ.

18.     THE underlying MORTGAGE ON PLAINTIFF FRANK'S HOMESTEAD IS A PICK-A-PAYMENT MORTGAGE LOAN THAT DEFENDANT WELLS FARGO BANK, through their Attorneys, DEFENDANTS MCGUIRE WOODS, LLP AND ALDRIDGE - PITE, LLP SEEKS TO FORECLOSE IN THE CIRCUIT COURT, BROWARD D COUNTY, Foreclosure Action encaptioned WELLS FARGO BANK V. MITCHELL CIMINELLI, ET AL., CASE NO. CACE 12-030521.

19.     AS WERE, THOUSANDS OF FLORIDA HOMEOWNERS, PLAINTIFF FRANK's predecessor MITCHELL CIMINELLI WAS FALSELY INDUCED TO ENTER INTO THE FRAUDULENT PICK-A-PAYMENT MORTGAGE LOANS through FALSE AND FRAUDULENT REPRESENTATIONS THAT THE PICK-A-PAYMENT

MORTGAGE LOANS DID NOT INCURR NEGATIVE AMORTIZATION.

## THE SETTLEMENT AGREEMENT

20.   DEFENDANT WELLS FARGO BANK ENTERED INTO A SETTLEMENT AGREEMENT IN THE PICK-A-PAYMENT LOAN LITIGATION WITH THE ATTORNEY GENERAL OF THE STATE OF FLORIDA, IN AND FOR THE PEOPLE OF THE STATE OF FLORIDA, WHEREIN, DEFENDANT WELLS FARGO BANK WAS REQUIRED TO PROVIDE FORECLOSURE RELIEF TO ALL FLORIDA HOMEOWNERS WITH PICK-A-PAYMENT MORTGAGE LOANS.

21.   THE FORECLOSURE RELIEF THAT DEFENDANT WELLS FARGO BANK WAS REQUIRED TO PROVIDE UNDER THE 'SETTLEMENT AGREEMENT' WAS GUARANTEED MORTGAGE MODIFICATIONS WHICH WERE TO INCLUDE SUBSTANTIAL PRINCIPAL REDUCTIONS.

22.   DEFENDANT WELLS FARGO BANK INTENTIONALLY BREACHED THE SETTLEMENT AGREEMENT AND FAILED AND REFUSED TO PROVIDE PLAINTIFF FRANK OR HIS PREDECESSOR MITCHELL CIMINELLI THE FORECLOSURE RELIEF PROVIDED BY THE SETTLEMENT AGREEMENT, AS THEY DID WITH COUNTLESS OTHER FLORIDA HOMEOWNERS.

23.   THE SETTLEMENT AGREEMENT WAS NOTHING MORE THAN ANOTHER MULTI BILLION DOLLAR FRAUD BEING PERPETRATED BY DEFENDANT WELLS FARGO BANK.

24.     A FALSE AND FRAUDULENT CONTRACT, SUCH AS, THE PICK-A-PAYMENT LOAN MORTGAGE THAT VIOLATES FLORIDA'S DECEPTIVE AND UNFAIR TRADES PRACTICES ACT (FDUTPA), FLA. STAT. 501, et. seq., IS AN UNENFORCEABLE CONTRACT UNDER WELL SETTLED FLORIDA AND FEDERAL LAW. AS A RESULT, DEFENDANT WELLS FARGO BANK HAS no legal RIGHT OR STANDING TO FORECLOSE on Plaintiff FRANK'S HOMESTEAD PROPERTY.

DEFENDANT WELLS FARGO BANK LACKED STANDING TO BRING
AND MAINTAIN THE FORECLOSURE ACTION

25.     THE PARTY SEEKING FORECLOSURE MUST PRESENT EVIDENCE THAT IT OWNS AND HOLDS THE NOTE AND MORTGAGE IN QUESTION IN ORDER TO PROCEED WITH A FORECLOSURE ACTION.   LIZIO v. McCullom, 36 SO. 2d 927, 929 (4 TH DCA 2010).

26.     TRANSFER OF A MORTGAGE DIFFERS FROM THE TRANSFER OF A NOTE.   TRANSFER OF A MORTGAGE IS DONE BY AN ASSIGNMENT.   FLA. STAT. 701. 01.     DEFENDANT WELLS FARGO BANK NEVER PRESENTED AN ASSIGNMENT WITHIN THE FORECLOSURE ACTION.

27.     IN THE FORECLOSURE ACTION, THE OPERATIVE COMPLAINT IS THE FIRST AMENDED COMPLAINT.   IN VIOLATION OF FLA. R. CIV. P. 1.230 , DEFENDANT WELLS FARGO BANK FAILED AND REFUSED TO ANNEX A COPY OF THE PROMISSORY NOTE TO THE FIRST AMENDED COMPLAINT. AS A RESULT, THE FIRST AMENDED COMPLAINT IN THE FORECLOSURE ACTION IS FATALLY DEFECTIVE.

28.   Under Florida Law, a plaintiff in a foreclosure action must establish its standing to bring a foreclosure action at the commencement of the action.   In the foreclosure action, in question, Wells Fargo Bank was required to establish it standing at the time of the filing of the first amended complaint.   See, McLean V. J.P. Morgan Chase Bank, 79 So. 3d 170 ( 4th DCA 2012); Saver v. J.P. Morgan Chase Bank, Case No. 4D12 - 2569 (4th DCA 2013).

29.   Defendant Wells Fargo Bank's failure and refusal to attach the promissory note to the first amended complaint is a fatal defect, and standing cannot be acquired retroactively.   See, Progressive Exp. Ins. Co. V. McGrath Community Chiropractic, 913 So 2d. 1281, 1284-85 (2nd DCA 2005).

30.   Florida's Supreme Court has made it clear that the plaintiff in a foreclosure action (Wells Fargo Bank) has the burden of establishing standing.   Voyes V. Ward, 123 So. 785 (Fla. 1929).

31.   It is undeniably clear, that Wells Fargo Bank failed and refused to establish its standing in the foreclosure action wherein they seek to unlawfully foreclose Plaintiff Frank's homestead.   Without standing, Wells Fargo Bank has no right to foreclose on Plaintiff Frank's homestead and their foreclosure complaint is fatally defective and must be dismissed.

## LACK OF SUBJECT MATTER JURISDICTION IN THE FORECLOSURE

32.     When a plaintiff, such as, Wells Fargo Bank Fails to establish its standing the court never acquires subject matter jurisdiction.     A plaintiffs standing in a foreclosure action must be determined before a foreclosure action can proceed. See, Voges v. Ward, 123 So. 785 (Fla. 1929).

33.     In the foreclosure action, the First Amended complaint is fatally defective. Without a proper complaint a court does not acquire subject matter jurisdiction. See, Pro Art Dental Lab, Inc v. V- Strategic Group, LLC, 986 So. 2d 1244 (Fla. 2008)(holding, a complaint is essential to initiate an action; its purpose is to invoke the subject matter jurisdiction of the court and to give notice of claim). "Florida law clearly holds that a trial court lacks jurisdiction to hear and determine matters which are not subject of proper pleading and notice" and "[t]o allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights" (emphasis added).   Pro Art Dental Lab's, Inc, supra, citing, a collection of Florida Appellate court cases on point.

34.     Two things are "crystal clear".     First, Plaintiff Frank acquired his homestead Interest In the property Wells Fargo Bank seeks to foreclose legally In a lawful transaction (property conveyance) where the transferor, Mitchell Citinelli was represented by attorney, Jim Lewis In the transaction and Citinelli acted under the advice of

counsel. The legality of the property transfer to Plaintiff Frank is beyond reproach. Second, it is "crystal clear" and supported by well settled Florida Law that Defendant Wells Fargo Bank does not have standing or any legal Right to Foreclose upon Plaintiff Frank's Homestead property.

DEFENDANT ASSISTANT STATE ATTORNEY, DAVID SCHULSON'S FALSE AND FRAUDULENT STATEMENTS REGARDING PLAINTIFF FRANK'S ACQUISITION OF HIS HOMESTEAD PROPERTY AND FRAUD ON THE COURT

35.    From the inception of A.S.A. David Schulson's continued, unlawful, malicious criminal prosecution of Plaintiff Kennett A. Frank, which is founded upon "Fabricated Evidence", Perjury, solicitation of Perjury, suborntation of perjury, Fraud, "Fraud on the Court", obstruction of Justice and a myriad of other unlawful, unconstitutional and criminal acts and actions by A.S.A. Schulson, BSO Detective John Calabro, criminal witness, Attorney Rose Marie But and the Alleged victims; Defendant A.S.A. David Schulson has consistently made the false statement that —

   "Plaintiff Kennett Frank Stole the House he lives In"

36.    Defendant Assistant State Attorney David Schulson has made the false and knowingly fraudulent statement to anyone he engages in discussion related to the criminal prosecution of Plaintiff Kennett Frank, Including but not limited to, Attorneys, Fred Haddad, David Wheeler and David Braun.    Indeed, Defendant Assistant State Attorney David Schulson even made the knowingly false and fraudulent

STATEMENT In open court, when he deliberately deceived the court and stated to the court that " Kenneth Frank stole the house he lives in" at a hearing where the court was considering terms and conditions of pre trial release in the criminal case against Plaintiff Frank.

37. Defendant Assistant State Attorney David Schulson made the knowingly false and fraudulent statement that " Kenneth Frank stole the house he lives in" to the Honorable Michael J. Robinson to induce the court to impose excessive bail and excessive conditions of bail. Defendant Assistant State Attorney David Schulson's "Fraud on the court" was successful. The Honorable Michael J. Robinson imposed bail in the amount of approximately $600,000.00 with Nebia and other conditions of bail.

38. Bail set at a higher figure than an amount reasonably calculated to fulfill the purpose assuring the defendant will stand trial is "EXCESSIVE" under the Eighth Amendment to the united states constitution. UNITED STATES v. MOTLOW, 10 F. 2d 257 (1926). Opinion by MR. Justice Butler as Circuit Court Judge of the 17th Judicial Circuit, in and for Broward County, Florida.

39. The hearing, where defendant A.S.A. David Schulson made the false and fraudulent statement that Plaintiff Frank stole the house he lives in" was in fact a hearing upon Plaintiff Kenneth Frank's motion for bail reduction. The original bail imposed by the court, based upon BSO Detective John Calabro's false and fraudulent affidavit to arrest Plaintiff Kenneth A. Frank was $1,203,000.00 with Nebia and other conditions of bail. Bail in the amount of $1,203,000.00

with NEBIA and other special conditions of Bail, as well as, Bail in the Amount of $600,000.00 with NEBIA and other special conditions of Bail is "excessive" and abridges the "Traditional Right to Freedom Before Conviction" and violates Plaintiff Frank's Eighth Amendment Right to be ~~Free~~ from cruel and unusual punishment.

40.     The Fourth District Court of Appeals, State of Florida agreed that Bail in the Amount of $600,000.00 with Nebia and other special conditions was "~~excessive~~" and violative of the Eighth Amendment to the United States constitution. Pursuant to Plaintiff Kenneth Frank's Petition For Writ of Habeas Corpus, Filed by his then Attorney Fred Haddad, the Fourth District Court of Appeals Issued its Writ of Habeas Corpus and directed the Circuit court, Broward County, Florida to Immediately Hold A Hearing Where "Reasonable" Bail was to be Imposed. The Fourth Districts court of Appeals Writ of Habeas Corpus Did Not Stop Defendant A.S.A. Schulson In his Quest to continue violating Plaintiff Frank's Right to be Free From cruel and unusual punishment and Traditional Right to Freedom guaranteed to him by the Eighth Amendment to the United States constitution.

The Second Bail Hearing Pursuant to Writ of Habeas Corpus

41.     During the Second Hearing, where the circuit court, Broward County, Florida was mandated by the Fourth District Court of Appeals Writ of Habeas Corpus to Impose Reasonable Bail and conditions of Bail; Defendant Assistant State Attorney, David Schulson was not deterred In his Illegal, Unlawful, outrageous, unconstitutional, prosecutorial misconduct.

42.     Among other, knowingly False and Fraudulent statements, Defendant Assistant State Attorney, David Schulson, once again, Deliberately Deceived the court with the statement that "Keaton Frank stole the house he lives in". When making this knowingly False and Fraudulent statement Defendant A.S.A Schulson was Falsely portraying Plaintiff Frank as a danger to the community. Defendant A.S.A Schulson's Fraud on the court was successful, a second time.

43.     "In direct contravention, to the writ of Habeas Corpus issued by the Fourth District Court of Appeals, and upon Defendant Assistant State Attorney, David Schulson's knowingly False and Fraudulent statements the Honorable Michael J. Robinson was, once again, Deliberately Deceived. Judge Robinson found Plaintiff Frank a danger to the community and imposed bail in the amount of $200,000.00 with Nebia and other special conditions of Bail.

44.     The Honorable Michael J. Robinson abused his Discretion when He imposed the "Excessive" Bail in the amount $200,000.00 with Nebia conditions. The Fourth District Court of Appeals, State of Florida has held that "Excessive Bail is Tantamount to No Bail". Good v. Willie, 382 So. 2d 408 (4TH DCA 1980).

45.     The United States Supreme Court has held that the Functional Bond is ordinarily limited to securing the presence, in court, of the Defendant. From the Judicial Act of 1789, 1 STAT 73, 91 to present. Federal Rules of criminal procedure, Rule 46(a)(1), 18 U.S.C. Federal Law unequivocally provides that a person arrested

ARRESTED FOR A NON-CAPITAL OFFENSE SHALL BE ADMITTED TO BAIL.   THIS
TRADITIONAL RIGHT TO FREEDOM BEFORE CONVICTED PERMITS THE UNHAMPERED
PREPARATION OF A DEFENSE, AND SERVES TO PREVENT THE INFLICTION OF PUNISHMENT
PRIOR TO CONVICTION.   SEE, HUDSON V. PARKER, 156 U.S. 277 (1895).
UNLESS THE RIGHT TO BAIL BEFORE TRIAL IS PRESERVED, THE PRESUMPTION OF
INNOCENSE, SECURED ONLY AFTER CENTURIES OF STRUGGLE, WOULD LOOSE ITS
MEANING.

46.   DEFENDANT ASSISTANT STATE ATTORNEY, DAVID SCHULSON'S FALSE
AND FRAUDULENT STATEMENT THAT "KENNETH FRANK STOLE THE HOUSE HE LIVES IN",
AMONG OTHER KNOWINGLY FALSE AND FRAUDULENT STATEMENTS, INDUCED THE HON.
MICHAEL J. ROBINSON TO ERRANTLY IMPOSE "EXCESSIVE" BAIL IN VIOLATION OF
THE FOURTH DISTRICT COURT OF APPEALS, STATE OF FLORIDA'S WRIT OF HABEUS
CORPUS AND THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION
WHICH GUARANTEES "EXCESSIVE BAIL SHALL NOT BE REQUIRED, NOR
EXCESSIVE FINES IMPOSED, NOR CRUEL AND UNUSUAL PUNISHMENTS INFLICTED."

47.   DURING THE TWO BAIL RELATED HEARINGS ON BAIL, IN THE
CRIMINAL PROSECUTION AGAINST PLAINTIFF KENNETH FRANK, DEFENDANT ASSISTANT
STATE ATTORNEY, DAVID SCHULSON KNOWINGLY, INTENTIONALLY, FALSELY AND
FRAUDULENTLY, MALICIOUSLY AND WITH WANTON DISREGARD FOR THE TRUTH AND JUSTICE
VIOLATED PLAINTIFF KENNETH FRANK'S TRADITIONAL RIGHT TO FREEDOM AND EIGHTH
AMENDMENT RIGHT TO BE FREE FROM EXCESSIVE BAIL AND CRUEL AND UNUSUAL
PUNISHMENT.

48.    " THE POWER AND FORCE OF THE GOVERNMENT TEND TO IMPART AN IMPLICIT STAMP OF Believability to what THE PROSECUTOR SAYS". HALL V. UNITED STATES, 419 F. 2d 582, 583 -84 ( 5TH CIR. 1969).

49.    By USING, THE KNOWINGLY FALSE AND FRAUDULENT STATEMENT THAT " Kenneth Frank STOLE THE HOUSE HE LIVES IN" AT THE TWO BAIL RELATED HEARINGS IN THE CRIMINAL PROSECUTION OF PLAINTIFF Kenneth FRANK; DEFENDANT ASSISTANT STATE ATTORNEY, DAVID Schulson ENGAGED IN PROSECUTORIAL MISCONDUCT AND CROSSED THE LINE OF ZEALOUS ADVOCACY BY A WIDE MARGIN.

DEFENDANT ASSISTANT STATE ATTORNEY, DAVID SCHULSON "KNEW" THAT PLAINTIFF KENNETH A. FRANK DID NOT STEAL THE HOUSE HE LIVES IN

50.    DEFENDANT ASSISTANT STATE ATTORNEY, DAVID Schulson "KNEW" PLAINTIFF Kenneth A. FRANK DID NOT STEAL THE HOUSE HE LIVES IN, EACH AND EVERY TIME, HE MADE THE KNOWING AND FRAUDULENT STATEMENT, INCLUDING, DURING THE TWO HEARINGS, IN OPEN COURT, WHERE HE INTENTIONALLY MADE THE FALSE STATEMENT; SO AS TO, INTENTIONALLY INFLICT CRUEL AND UNUSUAL PUNISHMENT UPON PLAINTIFF FRANK; TO KEEP PLAINTIFF FRANK FALSELY IMPRISONED IN VIOLATION OF HIS TERRITORIAL RIGHT TO FREEDOM BEFORE CONVICTION AND EIGHTH AMENDMENT RIGHT TO BE FREE FROM EXCESSIVE BAIL AND CRUEL AND UNUSUAL PUNISHMENT AS GUARANTEED BY THE UNITED STATES CONSTITUTION.

19

48.   Defendant A.S.A. Schulson possessed copies of the assignment of claims, property and litigation that was recorded in the public records of Broward county, property which were signed and witnessed by attorney Jim Lewis and notarized by attorney Lewis's secretary. Defendant Schulson's possession of the assignment maintained in the public records of Broward county, Florida demonstrates that he "knew" Plaintiff Frank did not steal the house he lives in.

Government agent and confidential informant alleged victim, Daniel P. Zwick testified "under oath" that Plaintiff Frank did not steal the house that he lives in

49.   Government agent, state actor Daniel P. Zwick provided a sworn statement against Plaintiff Frank in the contrived and malicious prosecution brought about by Defendant Schulson and his cohorts on August 03, 2016. During Defendant Daniel P. Zwick's 'sworn statement' taken by Defendant A.S.A. Schulson and BSO detective Calabro, Zwick testified that Plaintiff Kenneth Frank acquired its homestead property in a legal real estate transfer (conveyance) between Plaintiff Frank and Mitchell Ciminelli, to wit :

EXCERPTS FROM TRANSCRIPT OF ZWICK'S SWORN STATEMENT

A.S.A. SCHULSON :   So tell me the story. How do you and Ken Frank end up in the ciminelli house during these foreclosure proceedings ?

ID, p. 30

20

DANIEL ZWICK:        WELL, HE SIGNED IT OVER TO KEN.

A.S.A. SCHULSON:          HE SIGNED WHAT OVER?            ID. p. 30

DANIEL ZWICK:          A QUIT CLAIM DEED.              ID. p. 30


A.S.A. SCHULSON:    WAIT, WAIT, WAIT. SLOW DOWN, SLOW

                   DOWN. WE'RE GETTING A LITTLE AHEAD OF

                   THE GAME HERE.                     ID. p. 30


A.S.A. SCHULSON:    OKAY. AND YOU SAID THERE WAS A --

                   WHAT KIND OF -- YOU SAID WHAT

                   TRANSACTION WAS THERE BETWEEN FRANK

                   AND CIMINELLI?                ID. p. 30 - 31


   ZWICK:       IT HAPPENED AT JIM LEWIS'S OFFICE.   ID. p. 31


A.S.A. SCHULSON:   NO, BUT WHAT WAS IT? JIM LEWIS

                   IS AN ATTORNEY.                   ID. p. 31


   ZWICK:        RIGHT                               ID. p. 31


A.S.A. SCHULSON:     AND WHAT DID HE SIGN OVER?      ID. p. 31


   ZWICK:       HE DID A QUIT CLAIM DEED --          ID. p. 31


   ZWICK:       I KNOW BECAUSE I WAS THERE

                   WHEN RENEE NOTARIZED IT.          ID. p. 31


21

DETECTIVE CALABRO:      CAN I ASK A QUESTION?      ID. p. 55

A.S.A. SCHULSON:        YEAH, GO AHEAD.      ID. p. 55


DETECTIVE CALABRO:      ARE YOU SURE IT WAS A QUIT CLAIM

                       DEED THAT CONNELL SIGNED OVER?      ID. p. 55


    ZWICK    :          YEAH.      ID. p. 55


DETECTIVE CALABRO    :      OR WAS IT A POWER OF ATTORNEY?      ID. p. 55


    ZWICK    :          YEAH, HE DID THAT, TOO.      ID. p. 55


DETECTIVE CALABRO    :      IN JIM'S OFFICE      ID. p. 55


A.S.A. SCHULSON    :      YEAH. THERE WAS AN ASSIGNMENT      ID. p. 56



    50.    THE TRANSCRIPT OF DANIEL P. ZWICK'S SWORN STATEMENT
UNDENIABLY DEMONSTRATES THAT PLAINTIFF FRANK DID NOT STEAL THE HOUSE HE
LIVES IN AND, FURTHER DEMONSTRATES THAT DEFENDANT SCHULSON "KNEW" THAT
PLAINTIFF FRANK DID NOT STEAL THE HOUSE THAT IS HIS HOMESTEAD PROPERTY.


    51.    IN ADDITION, TO DANIEL P. ZWICK'S 'SWORN STATEMENT' WHICH
EXEMPLIFIES THAT PLAINTIFF FRANK DID NOT STEAL THE HOUSE HE LIVES IN,
IS THE 'SWORN STATEMENT' OF ATTORNEY, ROSE MARIE BUT. ATTORNEY,
BUT, A.S.A SCHULSON'S CRITICAL WITNESS IN THE CRIMINAL PROSECUTION ALSO

CONFIRMS THAT PLAINTIFF FRANK DID NOT STEAL THE HOUSE HE LIVES IN WITHIN

HER " SWORN STATEMENT", to wit:


A.S.A. SCHULSON:        LET'S TALK ABOUT CIMINELLI.   THAT IS THE HOUSE

                        THAT KEN FRANK HAS been able TO LIVE RENT FREE now

                        FOR SEVERAL YEARS, that he --        I.O. p.124


ATTORNEY BUT :                      YES                    I.O. p.124


A.S.A SCHULSON :        DO you KNOW THE STORY OF HOW HE got bACK

                        INTO THAT HOUSE, how HE TOOK IT FROM Ciminelli?

                                                            I.O. p.124


ATTORNEY BUT :      I know a little.                         I.O. p.124


ATTORNEY BUT :        I THINK HE gAVE OVER HIS INTEREST IN

                      THE PROPERTY --                        I.O. p.125


                      AND I UNDERSTAND THAT JAMES LEWIS

                      IS CIMINELLI'S ATTORNEY AND all OF THE

                      DOCUMENTS WERE DONE AT JAMES

                      LEWIS'S OFFICE, NOTARIZED by JAMES

                      LEWIS'S SECRETARY --                   I.O. p.125


A.S.A SCHULSON :       OKAY. WHERE ARE you getting--    I.O. p.125
ATTORNEY BUT           -- THAT TRANSFERS THAT           I.O. p.125


23

ATTORNEY BUT:    YEAH, AND THE --OR THE RECORD OR

public RECORD, OR something LIKE THAT.

Because I BELIEVE THAT documents ARE

public RECORD ON THAT House.                    IO p.126

IO. SWORN STATEMENT OF ATTORNEY ROSE MARIE BUT TAKEN IN THE

CRIMINAL PROSECUTION OF Kenneth Frank. SWORN STATEMENT TAKEN ON

SEPTEMBER 13, 2016 by A.S.A. DAVID SHULSON AND BSO DETECTIVE CICERO.

52.    BOTH OF DEFENDANT Schulson's OWN WITNESSES AND THE

public RECORDS OF BROWARD COUNTY, FLORIDA Irrefutably PROVE THAT Plaintiff

FRANK 'DID NOT STEAL THE house he lives In'.  MORE Importantly, THE

'SWORN STATEMENTS' AND THE public RECORDS OF BROWARD County, prove THAT

Assistant STATE ATTORNEY, DAVID Schulson has been "Fabricating Evidence"

within THE CRIMINAL prosecution that he MANUFACTURED against Plaintiff Frank

53.    THE WITNESS TESTIMONY AND public RECORDS ALSO MEMORIALIZE

THAT DEFENDANT ASSISTANT STATE ATTORNEY, DAVID Schulson "KNEW" THAT

Plaintiff Frank "DID NOT STEAL THE HOUSE He LIVES IN" AND THAT His

Repeated STATEMENT TO THE contrary AMOUNTED TO FRAUD, FRAUD on THE COURT,

OBSTRUCTION OF JUSTICE AND AN INTENTIONAL VIOLATION OF Plaintiff FRANK'S

Eighth AMENDMENT RIGHT TO BE FREE FROM EXCESSIVE BAIL AND FREE

FROM CRUEL AND UNUSUAL PUNISHMENTS, AS WELL AS, Plaintiff FRANK'S FIFTH AND

FOURTEENTH AMENDMENT RIGHTS TO DUE process OF LAW AND EQUAL

PROTECTION OF LAWS.

DEFENDANT STATE ATTORNEY, DAVID SCHULSON INTENTIONALLY VIOLATED PLAINTIFF

FRANK'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

( THE MISSUSE OF SUBPOENAS )

54.    WHILE MONITORING A VISIT IN THE JAIL between PLAINTIFF

FRANK AND HIS BAIL BONDSMAN; DEFENDANT ASSISTANT STATE ATTORNEY

DAVID SCHULSON LEARNED THE IDENTITIES OF A SMALL GROUP OF FRIENDS

THAT HAD RETAINED ATTORNEY FRED HADAD AND WERE PAYING FOR PLAINTIFF

FRANK'S DEFENSE IN THE CRIMINAL PROSECUTION. THAT SOON CHANGED.

55.    DEFENDANT ASSISTANT STATE ATTORNEY, DAVID SCHULSON ISSUED

SUBPOENA'S FOR EACH OF THE PEOPLE WHO WERE ASSISTING PLAINTIFF FRANK

FINANCIALLY AND PAYING FOR PLAINTIFF FRANK'S ATTORNEY. THE SUBPOENA'S

COMMANDED THESE PEOPLE TO APPEAR AT THE STATE ATTORNEYS OFFICE.

56.    WHEN THESE PEOPLE ARRIVED AT THE STATE ATTORNEYS

OFFICE THEY WERE GREETED by A.S.A. SCHULSON AND DETECTIVE COLEBRO.

THESE PEOPLE WERE THREATENED, INTIMIDATED AND TERRORIZED BY

DEFENDANT SCHULSON AND HIS COHORT DETECTIVE COLEBRO.

57.    AFTER MEETING WITH DEFENDANT SCHULSON AND DETECTIVE COLEBRO

THESE PEOPLE WERE PETRIFIED AND WITHDREW THERE FINANCIAL ASSISTANCE.

IN FACT, THEY WON'T EVEN ACCEPT A TELEPHONE CALL FROM PLAINTIFF

FRANK.      AS A RESULT, PLAINTIFF FRANK'S ATTORNEY FRED HADAD

WITHDREW HIS REPRESENTATION AS PLAINTIFF FRANK COULD NOT AFFORD TO

PAY ATTORNEY HADAD WHILE FALSELY IMPRISONED AND WITH BAIL THAT

IS TANTAMOUNT TO NO BAIL.

58.   Due to Defendant Assistant State Attorney David Schulson's unscrupulous, unconscionable, unlawful and outrageous unconstitutional course of conduct Plaintiff Frank remains unlawfully Imprisoned in violation of his Tenth right to Freedom and without his chosen counsel in violation of his Sixth and Eighth Amendment rights guarantees by the United States Constitution.

## ATTORNEY FRED HADDAD's Qualifications

59.   Attorney Fred Haddad is widely considered in the community to be the finest criminal defense attorney practicing in the Broward County Courts and perhaps the State of Florida.

60.   Since, Attorney Haddad's departure Plaintiff Kenneth Frank has been represented by the office of the Broward County Public Defender who has provided ineffective assistance of counsel. The Public Defenders office has done literally nothing and has not attempted to prepare any defense to the false Allegations levied against Plaintiff Frank in the criminal prosecution.

## THE RIGHT TO COUNSEL IS THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

61.   In this complex malicious prosecution, Defendant Assistant State Attorney, David Schulson has stood before the court on two occasions and Advised the court that, if convicted, it is his

26

Intention to seek Plaintiff Frank's imprisonment for 114 years, what is essentially a "life sentence".

62.     Both Florida's and the United States Constitutions guarantee an accused to "meaningful assistance of counsel". The United States Supreme Court has made clear that "the right to counsel is the right to effective assistance of counsel". McMann v. Richardson, 397 U.S. 759 (1970).

63.     Through terrorism, threats, intimidation, the misuse of the power of subpoena and abuse of the power of his office, Defendant Assistant State Attorney David Schulson interfered with Plaintiff Frank's civil rights and triggered a violation of Plaintiff Frank's Sixth Amendment right to effective assistance of counsel; a violation of Plaintiff Frank's Eighth Amendment right to be free from cruel and unusual punishment and Fifth and Fourteenth Amendment rights to due process of laws and equal protection of laws as guaranteed to Plaintiff Frank by the United States Constitution.

THE UNLAWFUL TAKING OF PLAINTIFF FRANK'S HOMESTEAD BY UNLAWFUL, UNCONSTITUTIONAL AND CRIMINAL MEANS

64.     As mentioned above herein in this complaint, in paragraphs 16 through 36, Defendant Wells Fargo Bank, N.A. through its Attorneys Defendant McGuire Woods, LLP and Defendant Aldridge-Pite, LLP have been attempting to unlawfully, improperly and in a

Fashion violative of Plaintiff Frank's constitutional rights, attempting to foreclose upon Plaintiff Frank's Homestead which is protected from forced sale under the State of Florida's Constitution.

65.    Defendant Wells Fargo Bank has consistently been involved in numerous foreclosure related, Multi Billion Dollar schemes to defraud homeowners across the United States, including the "Fraud" Defendant Wells Fargo Bank perpetrated upon Plaintiff Frank and his predecessor, the former owner of Plaintiff Frank's house, Mitchell Cimarelli known as the Pick-A-Payment Mortgage Loan "scheme to defraud" where they have stripped thousands of Florida homeowners of the equity in their homes and, thereafter, in violation of the settlement agreement between Defendant Wells Fargo Bank and the Attorney General of the State of Florida unlawfully and unconstitutionally foreclosed upon these Florida homeowners. In many instances, leaving the parties who were unlawfully foreclosed Homeless.

66.    To accomplish their "scheme to defraud", Defendant Wells Fargo Bank finds and retains unscrupulous and unethical Law Firms, such as, Defendant McGuire Woods, LLP and Defendant Aldridge-Pite, LLP.    These unscrupulous and unethical Attorneys, such as, Defendants McGuire Woods, LLP and Aldridge Pite, LLP are known as "Foreclosure Mills".

67.    As discussed throughout this complaint. Defendant Assistant State Attorney, David Schulson has conjured up the "False and Fraudulent story" that Plaintiff somehow stole this house.

WHEN IN FACT, THE "TRUTH" IS COMPLETELY THE OPPOSITE. PLAINTIFF FRANK OBTAINED HIS HOMESTEAD PROPERTY BY WAY OF QUIT CLAIM DEED AND OTHER RELEVANT DOCUMENTS, THAT TOOK PLACE IN THE ATTORNEY FOR THE TRANSFEROR MITCHELL CIMINELLI'S OFFICE AND WHILE THE TRANSFER WAS UNDER THE ADVICE OF COUNSEL.

## THE CONSPIRACY TO VIOLATE PLAINTIFF FRANK'S CONSTITUTIONAL RIGHTS AND UNLAWFUL AND UNCONSTITUTIONAL TAKING OF PLAINTIFF'S HOMESTEAD THROUGH FORCEABLE CRIMINAL MEANS

68.     IMMEDIATELY, AFTER PLAINTIFF KENNETH FRANK'S FALSE ARREST ON MARCH 10, 2017. DEFENDANTS WELLS FARGO BANK, THEIR ATTORNEYS, DEFENDANTS McGUIRE WOODS, LLP AND DEFENDANT ALDRIDGE-PITE, LLP JOINED FORCES TO FORECLOSE AND STRIP PLAINTIFF FRANK UNDER "ANY" MEANS NECESSARY, WITH DEFENDANT, ASSISTANT STATE ATTORNEY DAVID SCHULSON.

69.     DEFENDANTS ASSISTANT STATE ATTORNEY, DAVID SCHULSON, DEFENDANT WELLS FARGO BANK, AND THEIR ATTORNEYS, DEFENDANT McGUIRE WOODS, LLP AND ALDRIDGE-PITE, LLP HAVE BEEN CONSPIRING TO UNLAWFULLY, UNCONSTITUTIONAL, AND CRIMINALLY STRIP PLAINTIFF FRANK OF HIS HOMESTEAD PROPERTY FOR OVER A YEAR AND MAYBE CLOSER TO TWO YEARS. FROM THE TIME, DEFENDANT SCHULSON BEGAN HIS INVESTIGATION OF PLAINTIFF FRANK.

70.     DEFENDANT ASSISTANT STATE ATTORNEY, DAVID SCHULSON MEMORIALIZED AND EXPOSED THE CONSPIRACY WITHIN THE TRANSCRIPTS OF (JURY) SQUIVERS AND ATTORNEY BUT IN THE CRIMINAL PROSECUTION AGAINST PLAINTIFF FRANK, TO WIT:

THE FOLLOWING ARE EXCERPTS FROM THE SWORN STATMENT OF GERALD SAUNDERS TAKEN ON MAY 31, 2016 BY A.S.A. SCHUCSON AND DETECTIVE CALABRO:

A.S.A. SCHUCSON :        Does a guy named CIMINELLI ring a        ID p 118
                         Bell ?

    SAUNDERS :           No                                           ID. p 118

A.S.A. SCHUCSON :        Because CIMINELLI bought the house
                         FROM ZWICK AND its Morter, I Think,
                         $ 400,000.00 .  AND Then AT some point,
                         basically he had some Health Issues, he's
                         OUT OF THE HOUSE AND Ken Frank changes
                         THE LOCKS AND basically KICKS HIM OUT OF
                         its own house.                               ID. p 118

SAUNDERS :               No.  I DON'T Know                            ID. p. 118

A.S.A. SCHUCSON :        WELL, IT's An open FORECLOSURE Right
                         NOW.  THERE ARE Actually THREE
                         DIFFERENT LAW FIRMS Representing
                         WELLS FARGO, trying to get THAT house
                         BACK FOR THE BANK AS Ken Frank
                         continues TO battle WITH them.              ID. p 119

71.     DEFENDANT ASSISTANT STATE ATTORNEY, DAVID SCHULSON UTTERED A FALSE AND FRAUDULENT STATEMENT ON THE RECORD DURING THE SAUNDERS SWORN STATEMENT WHEN HE SAID —

        "
        AND THEN AT SOME POINT, BASICALLY HE HAD SOME
        HEALTH ISSUES, HE'S OUT OF THE HOUSE AND KEN
        FRANK CHANGES THE LOCKS AND BASICALLY KICKS HIM OUT
        OF HIS OWN HOUSE . . . . . . . . . . . . . . . . . . . . . "

                                                        ID p 119

72.     THE INCONTROVERTABLE DOCUMENTARY EVIDENCE, THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA AND THE SWORN STATEMENTS OF DEFENDANT SCHULSON'S OWN WITNESSES IN THE CRIMINAL PROSECUTION AGAINST PLAINTIFF FRANK PROVIDE THE PROOF THAT DEFENDANT A.S.A. SCHULSON IS PERPETRATING A FRAUD UPON PLAINTIFF FRANK, "FABRICATING EVIDENCE" AND "FRAMING" PLAINTIFF FRANK IN THE CRIMINAL PROSECUTION THAT HE CONTRIVED AND CONJURED UP AGAINST PLAINTIFF FRANK.

73.     THE EVIDENCE AND SWORN STATEMENTS MENTIONED ABOVE IN PARAGRAPH 72 ABOVE PROVIDE THE IRREFUTABLE PROOF THAT A.S.A. SCHULSON HAS BEEN UTTERING FALSE AND FRAUDULENT STATEMENTS. HE KNOWS, THAT PLAINTIFF FRANK OBTAINED HIS HOMESTEAD PROPERTY THROUGH A LEGAL PROPERTY TRANSFER AND THAT PLAINTIFF FRANK DID NOT CHANGE THE LOCKS AND KICK MITCHELL CIMINELLI OUT OF HIS HOUSE.

74.     FURTHER, INDICATORS OF THE CONSPIRACY TO VIOLATE PLAINTIFF FRANK'S CONSTITUTIONAL RIGHTS ARE SETFORTH IN THE TRANSCRIPTS OF THE SWORN TESTIMONY OF ATTORNEY RUSS MARIE BUT TAKEN ON SEPTEMBER 13, 2016 AT PAGE NUMBER 227 WHERE DEFENDANT SCHULSON MAKES THE

Following particularly revealing statement on the record:

A.S.A. Schulson: Because you just said you appear -- because the foreclosure is well through bank. That's the lender who's been trying to foreclose on this property.          Id. p.121

Attorney Bui: I guess so.          Id. p.127

A.S.A. Schulson: And they're getting pretty close to, I think.          Id. p.127

Attorney Bui: Yeah.          Id. p.127

A.S.A. Schulson: They're going to wrap this up maybe in the next few months. So they've got an army of attorneys now, in, from Charlotte, to Jacksonville, to Tampa to Fort Lauderdale. I mean they have put an army together to, once and for all — —          Id. p.127

75.    Plaintiff Frank is not charged in the continued, malicious criminal prosecution with stealing the house he lives in. The fact that Defendant Schulson did not charge Plaintiff Frank with any crimes relating to his homestead proves his statement that "Ken Frank stole the house he lives in" to be false. Defendant Schulson intentionally violated Plaintiff Frank's constitutional rights when he was uttering these knowingly false statements.

32

76. DEFENDANT ASSISTANT STATE ATTORNEY, DAVID SCHULSON'S STATEMENTS CAPTURED IN THE TRANSCRIPTS OF THE SWORN STATEMENTS EVIDENCE HIS STRONG DESIRE TO UNLAWFULLY AND UNCONSTITUTIONALLY INTERFERE WITH PLAINTIFF FRANK'S CIVIL RIGHTS AND HOMESTEAD RIGHTS. DEFENDANT SCHULSON'S MOTIVES TO INTENTIONALLY VIOLATE PLAINTIFF FRANK'S CONSTITUTIONAL RIGHTS HAVE BEEN MEMORIALIZED IN THE TRANSCRIPTS OF THE 'SWORN STATEMENTS' IN THE CONTRIVED CRIMINAL PROSECUTION.

77. THE ABOVEMENTIONED STATEMENTS, THAT DEFENDANT SCHULSON MADE ON THE RECORD DURING THE TAKING OF THE 'SWORN STATEMENTS' SET FORTH ABOVE EVIDENCE HIS CLOSE AFFILIATION WITH DEFENDANT WELLS FARGO BANK, DEFENDANT McGUIREWOODS, LLP AND DEFENDANT ALDRIDGE - PITE, LLP.

THE UNCONSTITUTIONAL TAKING OF PLAINTIFF FRANK'S HOMESTEAD PROPERTY THROUGH FORCEABLE AND CRIMINAL MEANS

78. THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION PROVIDES THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS AND HOUSES AGAINST UNREASONABLE SEIZURES AND THE FIFTH AND FOURTEENTH AMENDMENTS PROVIDE THAT NO PERSON SHALL BE DEPRIVED OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY AND PROPERTY WITHOUT DUE PROCESS OF LAW; NOR DENY ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF LAWS.

OCTOBER 03, 2017

79.     ON OCTOBER 03, 2017, WHILE WORKING IN CONCERT, DEFENDANT WELLS FARGO BANK, DEFENDANT ASSISTENT STATE ATTORNEY, DAVID SCHULSON, DEFENDANT MCGUIREWOODS, LLP AND DEFENDANT AKERLEDGE-PITE, LLP UNLAWFULLY AND UNCONSTITIONALLY TOOK PLAINTIFF FRANK'S HOUSE (HOMESTEAD PROPERTY) FROM HIM THROUGH FORCEABLE AND CRIMINAL MEANS IN VIOLATION OF PLAINTIFF FRANK'S FIRST, FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

PLAINTIFF FRANK WAS HANDCUFFED AND SHACKLED

80.     PRISONER MOVEMENT CAN only BE ACCOMPLISHED THROUGH COURT ORDER. EXCEPT, DEFENDANT ASSISTENT STATE ATTORNEY, DAVID SCHULSON POSSESS THE AUTHORITY TO MOVE A PRISONER WITHOUT COURT ORDER FOR legal purposes only RELATED TO THE CRIMINAL PROSECUTION, THE CHARGING INFORMATION AND ARREST WARRANT.

81.     DEFENDANT SCHULSON'S AUTHORITY TO MOVE A PRISONER IS THEREFORE LIMITED TO purposes RELATED TO THE CRIMINAL ACTION HE IS PROSECUTING. DEFENDANT SCHULSON DOES NOT POSSES CARD BLANCHE.

82.     ON OCTOBER 03, 2017, by "ORDER" OF DEFENDANT, ASSISTANT STATE ATTORNEY DAVID SCHULSON, WHILE IN "CONSPIRING" WITH DEFENDANTS WELLS FARGO BANK, MCGUIRE WOODS AND AKERLEDGE-PITE, the PLAINTIFF KENNETH FRANK'S HANDS WERE HANDCUFFED AND HIS LEGS WERE

34

schackled by Broward County Sheriff's Deputies and Through Threats of Disciplinary charges, Criminal charges and other means of intimidation Forces to go with The Sheriff's Deputies to an "unknown location" Against His will.   Plaintiff Frank was not Informed where He was Being taken or for what reason, He was being taken In handcuffs and Leg shackles by "Force", Against His will, to the unknown location.

83.    When Plaintiff Frank arrived at the formerly unknown Destination, It was a court room within The Broward County Courthouse. The court room was empty except for the Judge, the court's staff, Plaintiff Frank, a Sheriff's Deputy and Attorneys From the offices of Defendant McGuireWoods, LLP and Aldridge - Pite, LLP.

84.    Plaintiff Frank Had no Idea of the nature of the proceedings until The court Announced That proceedings were being held In the matter of Wells Fargo Bank v. Mitchell Cirunelli, et al, a Foreclosure Action, where the court was going to consider motions for Rehearing on Defendants' Motion To Dismiss complaint for lack of Jurisdiction over The Defendant, Insufficiency of Process, Insufficiency of service of process and Failure To state a cause of Action due to lack of standing and Alternative motion(s) To Quash Service of process And Motion To Strike The complaint with Incorporated Memorandum of Law, (b) Verified Motion To Vacate Judgment and Motion To Vacate Orders of the court As Unconstitutional with Incorporated Memorandum of Law, and Defendant's Motion To Cancel Foreclosure Sale, witch Unknown To Plaintiff Kenneth A. Frank

had occurred on September 26, 2017, without notice to Plaintiff Frank, over Plaintiff Frank's objections, without first considering Plaintiff Frank's Motions that attacked the validity of the Judgement of Foreclosure and in ExParte fashion. All of which resulted in a violation of Plaintiff Frank's constitutional rights.

85.   Pursuant to an ore tenus motion, The court also without cause therefore deemed Plaintiff Frank a vexatios litigant and placed stipulations on Plaintiff Frank (a prisoner) access to the courts in violation of Plaintiff Frank's First, Fifth and Fourteenth Amendment rights as guaranteed to him by The United States Constitution.

86.   The ore tenus Motion deeming Plaintiff Frank a vexatios litigent violates Fla. R. Civ. P. 1.100(b). Which requires a motion to be made in writing. The requirement of writing is not fulfilled unless the defendant is given written "notice" of the motion. [Rule 1.100(b).] Defendant Wells Fargo Bank's failure to provide Plaintiff Frank written notice, or in this case any "notice" violated Plaintiff Frank's First, Fifth and Fourteenth Amendment rights as guaranteed to him by the United States Constitution, as well as, violating Plaintiff Frank's rights guaranteed to him by Florida's Constitution.

Plaintiff Frank advised the court of the violation of his constitutional right to "notice" and an opportunity to be heard

## DUE PROCESS REQUIREMENTS

87. DUE PROCESS MANDATES THAT IN ANY JUDICIAL PROCEEDING THE LITIGANTS MUST BE AFFORDED THE BASIC ELEMENTS OF NOTICE AND AN OPPORTUNITY TO BE HEARD. E.I. DUPONT DE NEMOURS CO. v. LAMBERT, 654 SO. 2d 226, 228 (2ND DCA 1995), CITING, CAVALIER v. IGNAS, 290 SO. 2d 20, 21 (FLA. 1974), ALSO, MULLANE v. CENT. HANOVER BANK & TRUST CO., 339 U.S. 306, 314 (1950).

88. AS THE UNITED STATES SUPREME COURT EXPLAINED, THE NOTICE MUST BE REASONABLY CALCULATED, UNDER ALL CIRCUMSTANCES, TO APPRISE THE PARTIES OF THE PENDENCY OF THE ACTION AND AFFORD THEM AN OPPORTUNITY TO PRESENT THEIR OBJECTIONS. SEE, MULLANE v. CENT. HANOVER BANK & TRUST CO., 339 U.S. 306, 314 (1950).

89. AT THE INCEPTION OF THE HEARING, PLAINTIFF ~~FRANK~~ ADVISED THE COURT THAT HE HAD NOT RECEIVED "ANY" NOTICE OF HEARING AND REQUESTED THE HEARING BE STRICKEN FROM THE COURT'S DOCKET. THE COURT IMMEDIATELY DENIED PLAINTIFF FRANK'S ORE TENUS MOTION AND DIRECTED THE HEARING TO CONTINUE IN VIOLATION OF PLAINTIFF FRANK'S CONSTITUTIONAL RIGHTS AS GUARANTEED TO HIM BY BOTH FLORIDA'S AND THE UNITED STATES CONSTITUTION.

90. PLAINTIFF FRANK WAS WITHOUT ACCESS TO HIS PLEADINGS, WAS NOT GIVEN AN OPPORTUNITY TO PREPARE FOR THE HEARING, WAS WITHOUT CASE LAW OR DOCUMENTARY EVIDENCE AND WITHOUT EVEN A PAD AND PEN. PLAINTIFF FRANK LITERALLY HAD NOTHING. FORCING PLAINTIFF

Frank to proceed with the Hearing while in handcuffs and leg shackles without Access to his pleadings, legal authorities and/or evidence violated Plaintiff Frank's FIRST, FIFTH, EIGHTTH and FOURTEENTH Amendment Rights secured to him by THE United States constitution, as well as, Rights guaranteed to Plaintiff Frank guaranteed to him by Florida's constitution.

91.    On THE OTHER Hand, Across THE Room, WAS Defendant Wells Fargo Bank's Attorneys.   Defendants Maxine Wells and Aldridge Pite.    Defendants, Wells Fargo Bank's "Army" of Attorneys were well Armed with voluminous pleadings, legal authorities and otherwise.

92.    Plaintiff Frank was forced to plead his case from his Memory Alone.

93.    THE court did not possess A single document when Hearing THE Motions And did not Appear to Be Working with THE use of computer Files or otherwise.

94.    THE court denied All Plaintiff Frank's Motions with Prejudice And, thereafter, Deemed Plaintiff Frank A vexatious litigant And Issued An 'order' THAT deprives Plaintiff Frank of His constitutional right to Access THE courts.

96.    The Hearing Held By The Court Addressing Plaintiff's Frank's Motions In The Foreclosure proceeding was a constitutional 'Nightmare' Resulting In countless violations of Plaintiff Frank's constitutional Rights.

THE UNCONSTITUTIONAL HEARING RESULTED IN PLAINTIFF FRANK'S HOMESTEAD BEING TAKEN THROUGH FORCE, THREATS AND CRIMINAL MEANS

96.    At The conclusion of The unconstitutional Hearing, the court Directed A Certificate of Title To Issue.   Plaintiff Frank Had Been Stripped of Its Homestead and Constitutional Rights And His Homestead was Seized And taken From Him By Threats, Intimidation And Forceable Criminal Means In Violation of Plaintiff Frank's constitutional Rights guaranteed To Him By Both The United States And Florida's constitutions.

UNCONSTITUTIONAL - CRIMINAL ACTS

97.    Defendant Assistant State Attorney, David Shulson's "Order" which Directed Broward County Sheriff's Deputies To Handcuffe Plaintiff Frank And Shackle his legs And Bring Plaintiff To court In This civil matter, by Force, Without Being Restrained and Against his will ; Without Informing Plaintiff Frank of Where He was Being Taken, Was Well outside the Scope of Defendant Schulson's Legal Authority, It was a Criminal Act That Resulted In The commission of numerous crimes and Multiple Violations of

Plaintiff Frank's constitutional Rights.    Defendants Wells Fargo Bank,
Defendant McGuire Woods And Defendant Aldridge Pite participated
With Defendant Assistant State Attorney, David Schulson In The
Internal Violations of Plaintiff Frank's constitutional Rights As guaranteed
To Him By Both The United States And Florida's Constitutions, And The
Resulting Crimes.

FAILURE TO GIVE NOTICE AND A REAL OPPORTUNITY TO BE HEARD

98.    Plaintiff Frank Was Not given "Any" Notice Of Hearing,
'Written notice' or otherwise.    Plaintiff Frank's home Was seized At
An unconstitutional Hearing Without A "Real" opportunity To Be heard.

99.    Procedural Due Process requirements Of Both The
United States And Florida Constitutions contemplate That A complainant
be given 'fair notice' and Afforded A "Real opportunity" to be Heard And
Defend on an orderly procedure.    Falkner V. Ameri First Fed. Sav. &
Loan Ass'n, 489 So 2d. 758 (3 RD Dca 1986).

100.    A Hearing Without "Any" Notice, Where Plaintiff Frank
Was Denied Access To His pleadings, Legal Authorities, evidence or
even a pen or pencil Is Not Fair Notice and A 'Real' opportunity
To Be Heard.

101.    Defendants Assistant State Attorney, David Schulson,
Wells Fargo Bank, McGuire Woods And Aldridge Pite's Internally,

40.

Unlawfully conducting a hearing where Plaintiff Frank was brought to the Hearing by force with his hands cuffed and legs shackled, against his will, was constitutionally wrong and violative of Plaintiff Frank's constitutional rights, therefore, the resulting orders are a nullity and void.   The intentional failure to provide Plaintiff Frank with "NOTICE AND AN OPPORTUNITY" to be heard Results in the hearing being unconstitutional, therefore, Defendants A.S.A. schulson, Wells Fargo Bank, McGuire woods and Aldridge Pite "seized" Plaintiff Frank's Homestead by Force and criminal means.   Defendants, A.S.A schulson, Wells Fargo Bank, McGuire woods and Aldridge Pite have committed the crimes of Kidnapping, Robbery, Grand theft, obstruction of Justice, Fraud, organized Scheme to Defraud and others when they "Seized" Plaintiffs Home by violation of Plaintiff Frank's constitutional Rights.   See, Plaintiff Frank's Notice of criminal Activity and Memorandum of Law In support of Request for criminal Investigation filed within this case.

## DUE PROCESS CONCERNS

102.   The Basic Due process guarantee of the United States and Florida constitutions provides that no person shall be deprived of life, liberty, or property without due process of law. See, FLA. const Art. I section 9 and Fifth and Fourteenth Amendments to the United States constitution. Mullane V. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); Borden V. Guardianship of Elsa Borden-Moore, 818 So. 2d 604 (Fla. 2002).

103. IT IS A denial OF "DUE PROCESS" to enter an ORDER on a MOTION WITHOUT FIRST giving THE PARTIES AFFECTED notice AND An OPPORTUNITY TO BE HEARD BEFORE a party's rights ARE TAKEN AWAY. Keys Citizens FOR Responsible Gov't Inc. v. Fla. Keys Aqueaduct Auth, 795 so. 2d 940, 948 (Fla. 2001). Plaintiff Frank WAS DENIED "DUE process" before Defendants, Scholson, Wells Fargo Bank, Mcquire Woods AND Aldridge Pite STOLE HIS HOME" by Forceable criminal means.

104. THE Right to be heard has little reality or worth unless one is INFORMED the MATTER is pending AND can choose FOR himself whether to Appear OR DEFAULT, Acquiesce OR contest. Massey V. Charlotte County, 842 So. 2d 142, 146 (2nd DCA 2003).

105. Procedural DUE process Requires both FAIR notice AND A Real opportunity TO Be heard. Massey, supra, quoting, Keys Citizens For Responsible Gov't Inc. V. Fla. Keys Aqueduct Auth, 795 So. 2d 940, 948 (Fla. 2001), Mullane V. cent. Hanover Bank and Trust Co., 339 U.S. 306 (1950).

106. PLAINTIFF Frank WAS not given THE opportunity TO choose For itself whether to Appear OR TO DEFAULT, Acquiesce OR contest, Was not given 'any' notice OF Hearing, WAS not INFORMED or the proceedings OR Where he was being TAKEN by Force Against its will In Handcuffs AND leg shackles AND was not given a "Real" opportunity to BE Heard. Defendants scholson, Wells Fargo Bank, McGuire Woods And Aldridge Pite Intentionally Violated and conspired to violate plaintiff

Frank's First, Fifth, Sixth, Eighth and Fourteenth Amendments, as well as, Plaintiff's rights under Florida's Constitution when they unconstitutionally and criminally 'seized' and Robbed and stole Plaintiff Frank's Home in violation of his Right to be safe from unreasonable seizures as guaranteed to Plaintiff by the Fourth Amendment to the United States Constitution.

107.   "Seizing" ~~Plaintiff~~ Frank's Home without due process of law or equal protection of laws resulted in an unreasonable criminal "seizure", In violation of Plaintiff Frank's Fourth Amendment Right to be free from unreasonable "seizure" as guaranteed by the United States Constitution.   The Defendant's unconstitutional and unlawful "seizure" of Plaintiff Frank's Home resulted in numerous crimes being committed as set forth in the Request for Criminal Investigation and Memorandum of Law in support of Request for Criminal Investigation.

VIOLATION OF SECTION 4 OF FLORIDA CONSTITUTION

108.   Plaintiff Frank has a "Homestead Interest" in the Home that Defendant(s) Wells Fargo Bank, David Schulson, McGuire-Woods and Aldridge Pite unlawfully, unconstitutionally and criminally "seized".

109.   Article X, Section 4 of the Florida Constitution protects Homestead property from forced sale.   See, Fla. Const. Art X, sec. 4(a).

110. Defendant(s) Wells Fargo Bank, David Schulson, McGuire Woods and Aldridge-Pite Internationally, Forceably and Through Criminal and Unconstitutional Means Violated Article X, Section 4 of the Florida Constitution.

111. An "Unlawful Taking" of Plaintiff Frank's Homestead Property Has occurred.

112. Defendant(s) Wells Fargo Bank, David Schulson, McGuire Woods and Aldridge Pite Have Internationally violated Plaintiff Frank's Sixth Amendment Right to Effective Assistance of Counsel Through there Acts and Actions complained of Above Herein.

113. Defendant(s) Wells Fargo Bank, David Schulson, McGuire Woods and Aldridge Pite Have Internationally violated Plaintiff Frank's First Amendment Right to Petition the Government For A Redress of Grievances Through their Acts and Actions complained of About Herein.

114. Defendant(s) Wells Fargo Bank, David Schulson, McGuire Woods and Aldridge Pite Have Internationally violated Plaintiff Frank's Eighth Amendment Right to be Free From Cruel and unusual Punishment Through their Acts and Actions complained of Herein.

115. Defendant(s) Wells Fargo Bank, David Schulson, McGuire Woods and Aldridge Pite Have Internationally violated Plaintiff Frank's Fifth And Fourteenth Amendment Rights to Due Process of Law and to

44

Equal protection of laws through there acts and actions complained of herein.

116.   Defendant(s) Wells Fargo Bank, David Schulson, McGuire Woods and Aldridge Pite have violated Plaintiff Frank's constitutional rights through criminal acts.

117.   Defendant(s) Wells Fargo Bank, David Schulson, McGuire Woods and Aldridge Pite have violated Plaintiff Frank's rights pursuant to the Universal Declaration of Human Rights through intentional criminal means and otherwise.

118.   Defendant(s) Wells Fargo Bank, David Schulson, McGuire Woods and Aldridge Pite have intentionally, criminally and otherwise improperly violated Plaintiff Frank's constitutional rights provided by Florida's constitution.

119.   Defendant(s) Wells Fargo Bank, David Schulson, McGuire Woods and Aldridge Pite have intentionally, criminally and otherwise improperly violated Plaintiff Frank's constitutional rights as guaranteed to him by the United States constitution.

120.   The entire foreclosure action in the matter of: Wells Fargo Bank v. Mitchell Cirinelli, et al was unconstitutional and violated Plaintiff Frank's constitutional rights provided by both the United States and Florida's constitutions.

121.   " FLORIDA LAW CLEARLY HOLDS THAT A TRIAL COURT LACKS JURISDICTION TO HEAR AND TO DETERMINE MATTERS WHICH ARE NOT THE SUBJECT OF PROPER PLEADING AND NONCE IS VIOLANCE OF A PARTY'S DUE PROCESS RIGHTS." Pro Art Dental Lab, Inc. v. V- Strategic Group, LLC, 986 So. 2d 1244 (Fla. 2008); Carroll & Assocs., P.A. v. Galindo, 864 So. 2d 24, 28-29 (3rd DCA 2003); In Re Estate of Hatcher, 439 So. 2d 977, 980 (3rd DCA 1983); Epic Metals Corp. v. Samare Lake E. Condo Ass'n, Inc., 547 So. 2d 198, 199 (3rd DCA 1989); Robinson v. Malik, 135 So. 2d 445, 446 (Fla. 3rd DCA 1961)


122.   DUE TO IMPROPER PLEADING AND FAILURE TO GIVE NONCE THE ENTIRE FORECLOSURE ACTION OF Wells Fargo Bank v. Mitchell Ciminelli, et. al., Broward County, Florida, Case No. CACE 12-058321 WHERE HELD IN A COURT WITHOUT SUBJECT MATTER JURISDICTION AND IN VIOLATION OF Plaintiff Frank's RIGHTS GUARANTEED TO HIM BY BOTH THE UNITED STATES AND FLORIDA's Constitutions; therefore, the entire MATTER WAS A "nullity", the ORDERS AND JUDGMENT THAT RESULTED therefrom ARE A nullity AND VOID.

"       ON OCTOBER 05, 2017, "WITHOUT NONCE AND A REAL opportunity TO BE HEARD."  Defendants Schulson, Wells Fargo Bank, Aldridge Pite, McGraw WWOS CAUSED THE UNLAWFUL TAKING OF Plaintiff Frank's HOME AT AN UNNOTICED hearing that Plaintiff WAS Forced to ATTEND AND WAS NOT AFFORDED Any OF HIS DUE process RIGHTS. Plaintiff DID NOT have a choice whether to appear or not."

KENNETH A. FRANK - ATELIST No. 231700446

CONTE CORRECTIONAL FACILITY

P.O. BOX No. 407016

FORT LAUDELORE, FL. 33340 - 7016

WEST PALM BCH, FL. 334

20 OCT 2017 PM 1 L

To:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT CLERKS OFFICE

299 EAST BROWARD BLVD., ROOM 108

FORT LAUDERDALE, FL. 33301

33301-197799

ENVELOPE 2 OF 3

LEGAL MAIL

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2016

Kenneth A. Frank - Arrest No. 231700416
Contis Correctional Facility
P.O. Box No. 407016
Fort Lauderdale, FL 33340-7016

WEST PALM BCH FL 334

20 OCT 2017 PM 1

To: UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT CLERK'S OFFICE
299 EAST BROWARD BOULEVARD, ROOM 108
FORT LAUDERDALE, FLORIDA 33301

33301-157799

ENVELOPE 1 OF 3

Legal Mail

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2016